PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SEAN GILMORE, ) | |
| ) | CASE NO. 4:20CV136 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| TRINITY SERVICES GROUP, INC., ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | **AND ORDER** [Resolving ECF No. 5] |

*Pro se* Plaintiff Sean Gilmore, a state prisoner incarcerated at Northeast Ohio Correctional Center ("NEOCC"), filed this action under 42 U.S.C. § 1983 in the Mahoning County Court of Common Pleas against the prison's food services provider, Defendant Trinity Services Group, Inc. ECF No. 1-1. Defendant removed this action (ECF No. 1) and filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) (ECF No. 5). Plaintiff has not filed a response and the time to do so has expired. For the reasons stated below, the motion is granted and this action is dismissed.

## I. Background

Plaintiff claims that he became ill after eating food that was contaminated by insects and rodents. ECF No. 1 at PageID #: 7. He indicates that he suffered headaches, vomiting, mouth irritation, diarrhea, dizziness, pain, memory loss, a speech disorder, weakness, and "indescribable blood." *Id.* at PageID #: 9. The doctors at the prison prescribed Pepto Bismol. *Id.*

Plaintiff contends Defendant subjected him to an unsanitary condition of confinement in violation of the Eighth Amendment. The Court also construes the Complaint as alleging a First

(4:20CV136)

Amendment claim.[1]  Plaintiff seeks monetary relief.

Defendant removed the action and subsequently filed the pending motion to dismiss.

## II.  Standard for Dismissal

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the Complaint as true and construe those allegations in a light most favorable to the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009 ) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a Court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id*. at 570.  "[When] the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the Complaint has alleged—but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the complaint "must contain something more ... than ... merely creat[ing] a suspicion of a

---

[1]  Although he does not explicitly state a First Amendment claim, Plaintiff vaguely refers to the First Amendment in the Complaint and cites to a First Amendment case to bolster his position.  *See* ECF No. 1-1 at PageID #: 11.

2

(4:20CV136)

legally cognizable right." *Twombly*, 550 U.S. at 555-56 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235–236 (3d ed.2004)). In addition to reviewing the claims set forth in the Complaint, the Court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the Complaint and are central to the claims contained therein. *Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### III. Discussion

Defendant's motion to dismiss advances the following positions: (1) it is not subject to liability under 42 U.S.C. § 1983 because it is a private corporation; (2) it is sued under a theory of *respondeat superior* which is not a proper basis of liability under 42 U.S.C. § 1983; (3) a single instance of food contamination is not sufficient to state a claim under the Eighth Amendment; (4) Plaintiff did not exhaust his administrative remedies prior to bringing this action; and (5) Plaintiff has not alleged sufficient facts to suggest a claim under the First Amendment.

Defendant first asserts it is not a state actor under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must plead and prove that [he] has been deprived of a right secured by the Constitution or federal laws, by one acting under color of state law." *Weberg v. Franks,* 229 F.3d 514, 522 (6th Cir. 2000) (citations omitted). Although § 1983 actions generally cannot be asserted against private actors, the actions of private parties can constitute state action when the party's conduct "is fairly attributable to the state." *Lindsey v. Detroit Entm't, LLC*, 484 F.3d 824, 827 (6th Cir. 2007) (citations and internal quotations omitted). That threshold is easily crossed

(4:20CV136)

in the case at bar. Courts have routinely found that private entities that contract with the state to provide constitutionally required services such as medical care and food services to state prisons are state actors. *See, e.g.*, *Vartinelli v. Aramark Corr. Servs., LLC*, No. 18-CV-10964, 2019 WL 1402653, at *4–5 (E.D. Mich. Mar. 28, 2019); *Dykes v. Marshall*, No. 1:14-CV-1167, 2016 WL 1059618, at *3 (W.D. Mich., Mar. 17, 2016); *Horn v. Hunt*, No. 2:15-CV-220, 2015 WL 5873290, at *4–5 (S.D. Ohio Oct. 8, 2015). Defendant's status as a state actor is of no moment in this case, however, because Plaintiff's Complaint fails to allege any plausible claim against Defendant under 42 U.S.C. § 1983.

Plaintiff has not pleaded a cognizable claim under the Eighth Amendment. His allegations of an isolated incident of food poisoning from contamination do not characterize the kind of extreme deprivation required to make out an Eighth Amendment conditions claim in the prison context. Courts have consistently held that isolated incidents of foreign bodies, including rodents and insects, surfacing in connection with the food served to prisoners, as Plaintiff alleges here, is not an Eighth Amendment violation. *See, e.g.*, *Smith v. Younger*, 187 F.3d 638 (6th Cir. 1999) (unpublished table decision) (affirming district court's dismissal of plaintiff's Eighth Amendment claim based on the presence of a worm in her peanut butter); *Tucker v. Rose*, 955 F. Supp. 810, 815-16 (N.D. Ohio 1997). Furthermore, Plaintiff has not set forth allegations plausibly suggesting that Defendant or one of its employees acted with deliberate indifference to his health. He does not allege that Defendant was even aware of the contamination prior to serving the food. At best, Plaintiff's allegations suggest Defendant or its employees acted negligently. Negligence is not a proper basis for an Eighth Amendment claim. *Whitley v. Albers*,

4

(4:20CV136)

475 U.S. 312, 319 (1986). Accordingly, Plaintiff's Eighth Amendment claim is dismissed.

Additionally, to the extent Plaintiff intends a claim under the First Amendment, the claim is dismissed because there are no allegations in Plaintiff's Complaint implicating the First Amendment.

In sum, because Plaintiff does not plausibly allege a constitutional deprivation caused by Defendant, his Complaint must be dismissed.

## IV.  Conclusion

For the reasons explained above, Defendant's motion to dismiss is granted and this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


   April 27, 2020                                        */s/ Benita Y. Pearson*
Date                                                  Benita Y. Pearson
                                                        United States District Judge